FILED '11 MAY 27 14:43 USDC-ORE

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| ANTHONY LUNA, | 10-CV-6032-TC |
| Plaintiff, | |
| v. | ORDER |
| THE WACKENHUT CORPORATION, a corporation, | |
| Defendant. | |

COFFIN, Magistrate Judge:

This is a Title VII action. Presently before the court is defendant's motion (#4) to dismiss. For the reasons stated below, the motion is denied.

## DISCUSSION

Defendant contends that this action should be dismissed for the three reasons discussed below.

1. <u>The Timing of Plaintiff's Filing at the Administrative Level</u>

Defendant contends that plaintiff's initial filing of this matter at the administrative level was

Page 1 - ORDER

untimely. The parties filed supplemental briefs on this issue at the court's request. Defendant further explains the positions of the parties:

> Plaintiff cites two very recent district court cases from Arizona and the Eastern District of California to support his argument that filing with the EEOC after the 180-day period, but within the extended 300-day period, is timely as long as the EEOC has a workshare agreement with the appropriate state agency. While defendant concedes that these recently decided cases do support plaintiff's position, the decisions are not controlling in this district and run directly counter to the plain language of the statute. Therefore, because plaintiff chose to file with the EEOC, and only did so after the 180-day time period for filing had expired, the Court should dismiss plaintiff's Complaint for failing to exhaust administrative remedies.

P.p. 1-2 of defendants' reply to plaintiff's response (#10) and p.p. 2-3 of plaintiff's supplement (#9). Defendant did not address plaintiff's additional cites to five other circuit court cases from other circuits that appear to be in accord with the timeliness holdings of the aforementioned district court cases. See p. 4 of plaintiff's supplement (#9).

This court agrees with the approach of the Eastern District of California and District of Arizona and several other circuits and concludes that plaintiff's initial filing of this matter at the administrative level was timely because Congress intended Title VII's procedural requirements to be liberally construed in order to remedy discrimination in the workplace and to preserve a claimant's federal remedies in discrimination suits . See, e.g., E.E.O.C. v. Commercial Office Prods., 486 U.S. 107 (1988) and Laquaglia v. Rio Hotel & Casino Inc., 186 F.3d 1172, (9th Cir. 1999) ("Prohibiting any remedy to claimants who file discrimination complaints with an appropriate state or federal agency within the 300-day deadline is entirely at odds with the purpose of the worksharing agreement and with Title VII").

2. The Timing of Plaintiff's Filing in this Court after Receipt of the EEOC's Right to Sue Letter

Defendant notes that an action must be filed within 90 days of receipt of a "right to sue letter" from the EEOC and contends that plaintiff's filing in this court after receipt of the right to sue letter was untimely.

Plaintiff's original complaint alleges that he received his right to sue letter on November 5, 2009. He filed the original complaint on February 4, 2010, 91 days after November 5, 2009.

Plaintiff and his attorney represent that this action is timely as:

> Plaintiff filed his complaint with ths court on the last day of his statutory ninety day period from the date he received his Notice of Right to Sue. Plaintiff's attorney inadvertently put the wrong date in the original complaint. Plaintiff received his 'right to sue' letter on November 6, 2009. A copy of the envelope with plaintiff's notation on date received is attached as Exhibit 'D'. Plaintiff did not have an opportunity to review the complaint before it was filed in court. When plaintiff discovered the error, plaintiff contacted his attorney and subsequently filed an amended complaint to correct the error.

P. 3 of plaintiff's response (#6).

This court finds that the filing is timely, but hopes that the errors and less than excellent diligence on the part of plaintiff's counsel in this matter and the matter discussed below will be avoided in the future.

3. The Timing of Plaintiff's Service to Defendant

Defendant contends that the amended complaint should be dismissed under Fed. Rule Civ. Proc. 4(m) because plaintiff failed to serve defendant within 120 days. Rule 4(m) states that if a defendant is not served within 120 days after the complaint is filed, the court "must dismiss the action without prejudice ... or order that service be made within a specified time. But if plaintiff

shows good cause for the failure, the court must extend the time for service for an appropriate period."

Plaintiff concedes that his service was not made within 120 days and states that he did not file a motion to extend time of service because he "was under the assumption that by filing his amended pleading the time-frame for service of process was restructured." P. 4 of plaintiff's response (#6). He also notes that the statute of limitations would bar refiling of the suit if the court decided to dismiss the case instead of grant an extension. The Clerk of Court's Office did not in this case issue its standard order to show cause why the action should not be dismissed for failure to serve within the 120 day period.

It is appropriate in the circumstances of this case for plaintiff to be allowed 30 days to serve the complaints. See generally, Mann v. American Airlines, 324 F.3d 1088 (9th Cir. 2003); Die Tie v. Orange County, 152 F.3d 1109 (9th Cir. 1998). Defendant shall have the option to waive service in writing. A failure to serve the complaints or obtain a written waiver within 30 days shall result in the dismissal of the action for failure to prosecute and failure to follow a court order.

## CONCLUSION

Defendant's motion (#4) to dismiss is denied. Plaintiff shall have 30 days to serve the complaints or obtain a written waiver. If the service/waiver issue is completed in 30 days, the Clerk of the Court shall set a Rule 16 conference to set new deadlines. If the service/waiver issue is not

Page 4 - ORDER

completed in 30 days, the Clerk of Court shall dismiss the case for failure to prosecute and failure to follow a court order.

DATED this 27th day of May, 2011.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 5 - ORDER